**F. Fox BENTON et al., Appellants,**

v.

**DOW CHEMICAL COMPANY, Appellee.**

**No. 3674.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 17, 1961.

Rehearing Denied Dec. 8, 1961.

Burris, Benton & Zwiener, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

WALTER, Justice.

Roy W. Champion filed suit against Dow Chemical Company for damages. The law firm of Burris, Benton & Zwiener represented Champion. Dow Chemical Company complied with the rules to secure Champion's deposition. Champion failed and refused to appear for his deposition. Dow filed a motion to dismiss the plaintiff's case under Texas Rules of Civil Procedure, rule 215a because he failed to appear. Champion's attorneys filed their petition of intervention and alleged they had a contract with their client for a contingent interest in his claim. The material portion of the contract is as follows: "For and in con-

sideration of the services rendered to me by them, I hereby give and obligate myself to give and allow them, as their own compensation herein 33⅓% of all that they may recover herein, whether in money or in kind, by compromise or settlement prior to the filing of suit, and 40% of all that my said attorneys may recover after the filing of suit by compromise or otherwise and 45% if the case is appealed to the Court of Civil Appeals, and I hereby sell, transfer, assign and convey to my said attorneys the respective undivided interest in and to my said claim as set out above, against the aforesaid parties and to any judgment or judgments that I may obtain or that may be rendered to me or my heirs and assigns."

From an order dismissing Champion's case and his attorneys' petition of intervention the intervenors have appealed contending the court should have allowed their petition to remain on the docket for trial. Champion has not appealed.

Champion alleged that Texas Employers Insurance Association had paid him workmen's compensation insurance growing out of his accident and suggested that it be made a party to protect its statutory subrogation rights. Texas Employers Insurance Association was, therefore, a potential party. Dow, Champion and the intervenors were parties at the time the case was dismissed. Appellants and appellee have informed the court they have been unable to find a case in point on the question presented on this appeal. We have found none.

Sec. (c), 215a, T.R.C.P. provides, in substance, that if a party fails to appear for his oral deposition after proper service of subpoena, the court is authorized to strike out all or any part of any pleading of *"that"* party or dismiss the action.

■ Attorneys have the right to contract with their clients for a contingent interest in their law suit as compensation for their services. "Since an assignee may sue in his own name, an attorney to whom part of a cause of action has been assigned may

prosecute the assigned cause of action for damages to a judgment and recover his share thereof, although the client may have assumed to compromise the cause with the defendant or person liable. In other words, the attorney may proceed on the cause, pleading and proving liability on the part of the defendant and the quantum of damages, and may recover his part of the damages as established. If the client has ordered the cause to be dismissed, the attorney has a right to intervene in the suit, and to prosecute it to a conclusion, in order to realize on his part of the claim." 7 Tex. Jur.2d 158, 159.

■ The court was authorized to dismiss Champion's case because he failed to appear for his oral deposition. But it was not shown that the intervenors failed to comply with any of the pre-trial procedures or violated any of the rules which would have authorized the court to dismiss their case. The judgment is therefore reversed and the cause is remanded.

Judgment reversed and remanded.